UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

TYRONE ELLIOTT MONTGOMERY, )
)
    *Petitioner*, )
v. ) No. 1:07-cv-289
) *Chief Judge Curtis L. Collier*
RICKY BELL, Warden )
)
    *Respondent*. )

## **MEMORANDUM**

Petitioner Tyrone Elliott Montgomery ("Petitioner"), by and through counsel, brings this petition for writ of habeas corpus under 28 U.S.C. § 2254 (Court File #1). Petitioner contends his failure to comply with the federal habeas one year statute of limitation should be excused as equitable tolling is applicable because he lacked funds to hire counsel to advise him as to the federal habeas corpus law and he lacked the knowledge regarding the habeas law.

After considering the filings of Petitioner and the applicable law, the Court will **DISMISS** Petitioner's § 2254 petition (Court File # 1).

### I.     Procedural History

The record reflects Petitioner was convicted by a jury of first degree murder on June 26, 1986, in the Hamilton County Criminal Court and received a life sentence. Petitioner pursued a direct appeal. The Tennessee Supreme Court denied his application for permission to appeal on June 8, 1987.

Petitioner had not pursued any further post-conviction relief until he filed the instant habeas petition on December 3, 2007. In his habeas petition, Petitioner claims he received ineffective assistance of counsel; his confession was involuntary; he was denied a fair trial due to

jury tampering; improper evidence was admitted at his trial; the jury instructions were improper; and the cumulation of these errors render his conviction and sentence unconstitutional. In addition, Petitioner contends the statute of limitations in this case should be equitably tolled and he should be allowed to proceed with his claims as he lacked the funds necessary to retain counsel to advise him as to the Tennessee Post-Conviction law and the Federal Habeas Corpus law.

**II.     Analysis**

Petitioner bases his argument for tolling the one-year habeas statute of limitation on the allegation that "until recently, the Petitioner did not have the funds necessary to retain counsel to advise him as to the Tennessee Post-Conviction law and the Federal Habeas Corpus law." (Court File No. 1, at 15). This contention fails to include any factual support explaining why Petitioner did not diligently pursue his rights prior to 2007. Petitioner has not submitted an affidavit reflecting how he was prevented from learning about the Federal Habeas Corpus law; how and when he first learned about the Federal Habeas Corpus law; and how and when he learned he needed to retain an attorney.

Nevertheless, as explained below, ignorance of the law and lack of funds are inadequate justification for equitable tolling. Thus, the habeas petition is time-barred.

*A. Timeliness of the § 2254 Petition*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified in 28 U.S.C. § 2241, *et seq*., amended the federal habeas corpus statutes, and added a one-year statute of limitation to govern the filing of an application for a federal writ of habeas corpus. The statute of limitation begins to run from the date the petitioner's state judgment of conviction becomes final,

or the occurrence of one of three other circumstances, none of which are relevant here. See 28 U.S.C. § 2244(d)(1).

Petitioner's conviction became final, under 28 U.S.C. § 2244(d)(1), ninety days after the Tennessee Supreme Court denied leave to appeal in June of 1987. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (under §2244(d)(1)(A), the one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired); Sup.Ct.R. 13. Because his conviction became final before the AEDPA was enacted on April 24, 1996, he had one year from then, or until April 24, 1997, to file his habeas petition. *Ross v. Berghuis*, 417 F.3d 552, 554 (6th Cir. 2005) (citing *Griffin v. Rogers*, 399 F.3d 626, 631-32 (6th Cir. 2005)). Petitioner filed his habeas petition more than ten years later, in December of 2007. Therefore, absent tolling, Petitioner's habeas petition is time-barred.

B. *Equitable Tolling*

Petitioner does not deny his habeas petition was untimely filed. Instead, he seeks to excuse his late filing on the grounds he lacked funds to hire counsel and lacked knowledge of the Federal Habeas Corpus law.

Equitable tolling only applies if extraordinary circumstances exist. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir. 2000) ("Absent compelling equitable considerations, a court should not extend limitations by even a single day."). Although Sixth Circuit case law does permit the invocation of the doctrine of equitable tolling to toll the one-year limitation period applicable to habeas petitions under certain circumstances, *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir.) (holding that the test set out in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988), is applicable to equitable tolling questions in habeas cases), *cert. denied*,

3

534 U.S. 1057 (2001)), to qualify for equitable tolling, a prisoner must show that he pursued his rights diligently and that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The test for equitable tolling set forth in *Andrews v. Orr*, requires the Court to consider the following five factors when determining whether to apply equitable tolling:

(1) the petitioner's lack of actual notice of filing requirements;

(2) the petitioner's lack of constructive knowledge of filing requirement;

(3) the petitioner's diligence in pursuing one's rights;

(4) absence of prejudice to the defendant; and

(5) petitioner's reasonableness in remaining ignorant of the notice requirement.

*Andrews v. Orr*, 851 F.2d at 151.

These factors are not necessarily comprehensive and not all factors are relevant in every case. *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003). Petitioner bears the burden of showing he is entitled to equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). The doctrine of equitable tolling is used sparingly and, typically, is applied "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *see also Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007) (equitable tolling, if available in § 2254 proceedings, is warranted only where "some extraordinary circumstance stood in [a petitioner's] way and prevented timely filing") (citations and internal quotation marks omitted).

The Sixth Circuit has concluded the AEDPA statute clearly explains to defendants how AEDPA's statute of limitations applies to their cases and notice by means of a statute is adequate notice of the federal habeas corpus filing requirements. *See Allen v. Yukins*, 366 F.3d 396, 402-03

(6th Cir.), *cert. denied*, 543 U.S. 865 (2004). Accordingly, case law and the clear statutory provisions of AEDPA regarding the statute of limitations provided Petitioner constructive knowledge of the filing deadline. Moreover, in 1999 the Sixth Circuit specifically held that petitioners whose convictions became final before AEDPA's effective date had until April 24, 1997 (one year after AEDPA's effective date) to file their habeas petitions. *Austin v. Mitchell*, 200 F.3d 391 (6th Cir. 1999), *cert. denied*, 530 U.S. 1210 (2000), *overruled on other grounds by Cowherd v. Million*, 380 F.3d 909 (6th Cir. 2004) (en banc). The case law is clear that Petitioner's lack of notice of the filing requirement is not sufficient to justify equitable tolling as ignorance of the law alone is insufficient to warrant equitable tolling. *Allen v. Yukins*, 366 F.3d at 402-03; *Harrison v. I.M.S.,* 56 Fed. Appx. 682, 685 (6th Cir. 2003), *available in* 2003 WL 173669 ("Petitioner's alleged ignorance of legal matters does not demonstrate a lack of constructive knowledge of the filing deadline."); *Miller v. Carson*, 49 Fed.Appx. 495, 497 (6th Cir. 2002), *available in* 2002 WL 31164208 ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petitioner"). Likewise, the lack of funds to hire an attorney does not support the equitable tolling of the statute of limitations. *Wilson v. Birkett*, 192 F.Supp.2d 763, 766 (E.D. Mich. 2002) (concluding that neither lack of knowledge of the law nor lack of funds to hire an attorney support the equitable tolling of the habeas statute of limitations); *Holloway v. Jones*, 166 F.Supp.2d 1185 (E.D. Mich. 2001) ("Claims that a petitioner did not have professional legal assistance are not an extraordinary circumstance which would toll the statute of limitations"). In sum, the purported lack of actual or constructive notice due to Petitioner's lack of funds and ignorance of the law does not favor equitable tolling.

Additionally, Petitioner has also not demonstrated he was diligent in pursuing his rights. There is no indication that the untimeliness of Petitioner's habeas corpus petition was caused by a circumstance which was out of his control. Although he pursued a direct appeal, he apparently pursued no other remedies before filing this habeas petition. Petitioner claims to have been ignorant of the law and unaware of his legal options, but "ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991). Neither Petitioner's alleged ignorance of the filing requirement, *Cook v. Stegall*, 295 F.3d 517, 522 (6th Cir.), *cert. denied*, 537 U.S. 1091 (2002), nor his failure to take steps to enhance his knowledge of the law are reasonable given the twenty-year period of idleness after his direct appeal concluded. The extended period during which Petitioner sat on his claims demonstrates he was not diligent in pursuing his rights. Petitioner was not reasonable in remaining ignorant of the statute of limitations in habeas corpus cases which has been in effect since 1996. Since Petitioner has not satisfied the four *Andrews v. Orr* prongs discussed above, the Court need not consider the final *Andrews v. Orr* prong, *i.e.*, absence of prejudice to the respondent. Petitioner bears the burden of establishing that he is entitled to the equitable tolling of the one year limitations period and Petitioner, in the instant case, has failed to meet his burden. *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). Consequently, equitable tolling is not appropriate under the facts alleged here.

Petitioner has missed his statutory habeas deadline by more than ten years. Although Petitioner attributes his delay in filing this federal habeas petition to his lack of funds and knowledge of the law, Petitioner's delay in filing this petition displays a lack of diligence in pursuing his rights. Petitioner's lack of funds and knowledge of the Federal Habeas law does not constitute a basis for equitable tolling. Therefore, the Court concludes that the application of equitable tolling is

inappropriate under these circumstances. This petition is barred by the AEDPA statute of limitations.

**III.     Conclusion**

In summary, the one year statute of limitations expired more than ten years prior to Petitioner filing this instant § 2254 petition. Petitioner's one year statute of limitations for filing a habeas petition under § 2254 expired on April 26, 1997. Petitioner has not demonstrated he is entitled to equitable tolling. Accordingly, the petition, which was filed on or about December 3, 2007, more than ten years after the one year statute of limitations had expired and more than twenty years after his direct appeal had concluded, was not timely filed and warrants dismissal as barred by the statute

of limitations. Accordingly, Petitioner's habeas corpus petition will be **DISMISSED** (Court File #1).

An appropriate judgment will enter.

E N T E R:

*/s/*
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**